UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-8506-WM

UNITED STATES OF AMERICA,

                              Plaintiff,

vs.

DOYLE CLEARE,
a/k/a "Rickie Williams,"

                              Defendant.
                                                      /

## CRIMINAL COVER SHEET

1.     Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

        Yes        X **No**

2.     Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

        Yes        X **No**

3.     Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

        Yes        X **No**

                              Respectfully submitted,

                              JUAN ANTONIO GONZALEZ
                              UNITED STATES ATTORNEY

                 BY:    */s/ John C. McMillan*
                              JOHN C. McMILLAN
                              ASSISTANT UNITED STATES ATTORNEY
                              Admin. No. A5500228
                              500 S. Australian Ave., Suite 400
                              West Palm Beach, FL 33401
                              Office:   (561) 820-8711
                              John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

FILED BY _____ D.C.

NOV 0 2 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>DOYLE CLEARE,<br>a/k/a "Rickie Williams," <br><br>*Defendant(s)* | )<br>)<br>)  Case No. 22-8506-WM<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __10/25/2022 - 10/30/2022__ in the county of __Palm Beach__ in the __Southern__ District of __Florida, and elsewhere__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1324(a)(1)(A)(iv), 1324(B)(iii);<br>8 U.S.C. §§ 1326(a), 1326(b)(2); and<br>8 U.S.C. §§ 1327 | Encouraging or inducing an alien to come to or enter the United States, knowing or in reckless disregard that such was in violation of the law;<br>Attempted Re-entry After Deportation (Aggravated Felon); and<br>Aiding or Assisting Aggravated Felon to Re-enter the United States |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

JOSHUA J WOODBURY
Digitally signed by JOSHUA J WOODBURY
Date: 2022.11.02 09:04:11 -04'00'

*Complainant's signature*

Joshua Woodbury, Special Agent, HSI
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: __11/02/2022__

*Judge's signature*

City and state: __West Palm Beach, Florida__    Hon. William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
Case No. 22-8506-WM
Case No. 22-8507-WM

I, Joshua Woodbury, first being duly sworn, does hereby depose and state as follows:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been so employed since June 2008. Prior to my employment with HSI, I worked as a United States Customs Inspector for six and a half years. As part of my duties and responsibilities as an HSI Special Agent, I have become familiar with the criminal offenses set forth in Title 8 of the United States Code, the Immigration and Nationality Act. Moreover, I have conducted investigations involving human smuggling and their related criminal activity and have become familiar with the methods and schemes employed by individuals who smuggle persons into the United States.

2. The facts set forth in this affidavit are based on my personal knowledge, information obtained from others, including other law enforcement officers, my review of documents, pictures, GPS data, text messages and computer records. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a criminal Complaint, I have not included each and every fact known to me and law enforcement, rather, I have included only those facts necessary to establish probable cause to believe that between on or about October 25, 2022, and on or about October 30, 2022:

(a) Defendant Doyle CLEARE: (i) Encouraged or induced an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence was or would be in violation of in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); (ii) Attempted to re-enter the United States himself after a previous removal, whose removal was subsequent to a commission of an aggravated

felony in violation of Title 8, United States Code, Section 1326(b)(2); and (iii) knowingly aided or assisted an inadmissible alien who had been previously convicted of an aggravated felony to enter the United States, or who connives or conspires to procure or permit such alien to enter the United Sates, in violation of Title 8, United States Code, Section 1327; and

(b)     Defendant Howard WRIGHT did knowingly attempt to re-enter the United States after being previously removed subsequent to his conviction for an aggravated felony, in violation of Title 8, United States Code, Section 1326(b)(2).

## PROBABLE CAUSE

3.     On October 30, 2022, United States Coast Guard (USCG) Sector Miami received a report from USCG Cutter Resolute of a vessel taking on water approximately 10 nautical miles east of Lake Worth Inlet, which your affiant knows to be within the special maritime and territorial jurisdiction of the United States, adjacent to Palm Beach County, within the Southern District of Florida. USCG Resolute reported approximately 8 persons on board and launched a small vessel to retrieve the persons. The vessel, a 22-foot white Mako center console was taking on water and in immediate danger of sinking, and all 8 passengers were successfully embarked onto the USCG small craft from the sinking Mako. Shortly thereafter, the floundering vessel sank in open water. USCG Cutter Resolute reported one (1) Bahamian male (CLEARE), one (1) Jamaican male (WRIGHT), three (3) Cuban females, one (1) Cuban male, one (1) adult Chinese female, and one (1) accompanied minor Chinese child. After completing biometrics all 8 foreign nationals were transferred to USCG Margaret Norvell.

4.     After completion of the biometrics two individuals Doyle CLEARE (a/k/a, "Rickie WILLIAMS") a citizen and national of the Bahamas, and Howard WRIGHT a citizen

and national of Jamaica, came back with positive matches in the IDENT/APIS system for criminal histories in the United States, and both persons having been previously removed from the United States.

5. Review of the Florida Consolidated Case Information System (CCIS) and U.S. Immigration records, established that on or about December 22, 1989, in state court in Broward County, Florida, defendant CLEARE was adjudicated guilty for Robbery 1/ Deadly weapon, shooting into an occupied dwelling and false imprisonment, and was sentenced to 6 years for those crimes. CLEARE served approximately 4 years in the Florida Department of Corrections (DOC) and was released in 1993. On or about June 15, 1993, CLEARE was deported from the United States for a moral turpitude conviction. Thereafter, on or about August 11, 2000, in Broward County, Florida, CLEARE was adjudicated guilty for possession/purchase/selling cannabis and violation of probation. CLEARE was sentenced to three years in county jail and served approximately 3 years. On or about August 27, 2003, CLEARE was again removed from the United States to his native country of The Bahamas.

6. On or about April 4, 2000, in Escambia County, Florida, defendant WRIGHT was adjudicated guilty for conspiracy to traffic Cannabis with a weight of 0-50 pounds. WRIGHT was sentenced to serve 21 months incarceration. On or about January 22, 2004, WRIGHT was removed from the United States to his native country of Jamaica. On or about January 12, 2009, United States Border Patrol Officers stopped to render aid after coming upon a three car accident in Miami Dade County. WRIGHT gave Border Patrol Officers a fake name and claimed Haiti as his citizenship. WRIGHT was taken into custody by Border Patrol Officers and charged with illegal re-entry. On or about June 18, 2009, WRIGHT was sentenced

to 41 months confinement in the federal penitentiary and was removed on or about September 12, 2012.

7.     Your affiant notes that based on his review of U.S. Immigration records, both defendants were previously removed (deported) from the United States as Aggravated Felons.

8.     Following their apprehension by the United States Coast Guard, defendants CLEARE and WRIGHT were first landed at the United States Coast Guard Station in Riviera Beach, Palm Beach County, Southern District of Florida, and then taken to the United States Border Patrol Station, also located in Riviera Beach, to be interviewed.

9.     On November 1, 2022, Homeland Security Special Agents (HSI) conducted a post-*Miranda* audio and video recorded interview of defendant CLEARE. CLEARE admitted to departing Bimini, Bahamas on Tuesday, **October 25, 2022**, heading to Andros, Bahamas. CLEARE stated that he drove the boat the entire time until the vessel broke down. CLEARE stated they were underway for 4 hours before the boat stopped. CLEARE claimed that he never intended to come to the United States. CLEARE gave written and verbal consent for agents to examine his cellular device. Upon examining CLEARE's cellular telephone, however, your affiant noted that on October 25, 2022, the date CLEARE stated the vessel departed Bimini, CLEARE took a screenshot of his location at approximately 11:24 a.m., which according to the image's data, showed his location to be off the coast of Florida just north of Miami, and well outside the coastal waters of The Bahamas. On October 25, 2022, at approximately 4:30 pm CLEARE attempted to send a "Whats App" text with the message, "We broke down at sea" followed by a picture of himself and another migrant.

10.    On November 1, 2022, HSI Special Agents conducted a post-*Miranda* audio and video recorded interview of defendant WRIGHT. WRIGHT stated that he was in Cuba

and travelled to Nassau, Bahamas, paying the smuggling organization approximately $10.000 upon arrival. WRIGHT stated he then departed to Freeport, Bahamas and later to Bimini, Bahamas. WRIGHT claimed that he stayed in run down houses during the trip, and on Tuesday October 25, 2022, he was taken by boat to another vessel already loaded with WRIGHT and the other migrants waiting offshore of Bimini. WRIGHT said that they travelled approximately three hours or so before the vessel broke down. WRIGHT stated that, at one point the captain (CLEARE) was looking at a GPS and hit a wave losing the GPS overboard. WRIGHT told your affiant that his intention and understanding was upon boarding the Mako vessel was that it would transport him to the Miami area of the United States. WRIGHT stated that after they broke down, they drifted at sea in rough waters, and that the only food available for the child was seaweed they grabbed from the ocean since there was no food or water provisions onboard the vessel. WRIGHT stated that when the Coast Guard arrived to rescue them, he and CLEARE were fighting because CLEARE was doing nothing to help them, and the vessel was sinking.

11. Checks on the United States Immigration CLAIMS database conducted at your affiant's request, found no record that either CLEARE or WRIGHT had sought or received authorization from the Secretary of Homeland Security or his/her predecessor, the Attorney General of the United States, to re-enter the United States. Nor were CLEARE, WRIGHT, or any of the other six foreign nationals on board the vessel CLEARE captained in possession of any documents which would have authorized them to enter the United States legally.

12. Based on the foregoing, I submit that probable cause exists to Defendant Doyle CLEARE with having: (i) Encouraged or induced an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence was or would be in violation of in violation of Title 8, United States Code, Section

5

1324(a)(1)(A)(iv); (ii) Attempted to re-enter the United States himself after a previous removal, whose removal was subsequent to a commission of an aggravated felony in violation of Title 8, United States Code, Section 1326(b)(2); and (iii) Knowingly aided or assisted an inadmissible alien who had been previously convicted of an aggravated felony to enter the United States, or who connives or conspires to procure or permit such alien to enter the United Sates, in violation of Title 8, United States Code, Section 1327.

13. On the basis of the foregoing, I further submit that probable cause exists to charge defendant Howard WRIGHT with having knowingly attempted to re-enter the United States after being previously removed subsequent to his conviction for an aggravated felony, in violation of Title 8, United States Code, Section 1326(b)(2).

JOSHUA J WOODBURY
Digitally signed by JOSHUA J WOODBURY
Date: 2022.11.02 09:04:45 -04'00'

JOSHUA WOODBURY
Special Agent
Homeland Security Investigations

SWORN AND ATTESTED TO ME BY
APPLICANT VIA TELEPHONE (FACETIME)
PURSUANT TO FED. R. CRIM. P. 4(d) AND 4.1
THIS 2nd DAY OF NOVEMBER, 2022.

HON. WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**     DOYLE CLEARE, a/k/a "Rickie Williams"

**Case No:**     22-8506-WM

Count #: 1
Encouraging or Inducing an Alien to Come to or Enter the United States
Title 8, United States Code, Section 1324(a)(1)(A)(iv), 1324(b)(iii)

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): not applicable**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**
* **Special Assessment: $100.00**

**Immigration consequences of removal (deportation) from the United States upon conviction**

Count #: 2
Re-entry After Deportation (Aggravated Felon)
Title 8, United States Code, Section 1326(a) and (b)(2)

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): not applicable**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**
* **Special Assessment: $100.00**

**Immigration consequences of removal (deportation) from the United States upon conviction**

Count #: 3

Aiding or Assisting Aggravated Felon to Re-enter the United States
Title 8, United States Code, Section 1327

* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): not applicable**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**
* **Special Assessment: $100.00**

**Immigration consequences of removal (deportation) from the United States upon conviction**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: __22-8506-WM__

### BOND RECOMMENDATION

DEFENDANT: DOYLE CLEARE, a/k/a "Rickie Williams"

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: John C. McMillan

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): H.S.I. Special Agent Joshua Woodbury
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)